IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 2006 Session

## GENE GRIFFIN v. TROY MENDIUS and STATE FARM INSURANCE COMPANY

An Appeal from the Circuit Court for Shelby County
No. CT-001397-03     D'Army Bailey, Circuit Judge

No. W2005-01542-COA-R3-CV - Filed August 2, 2006

This appeal involves Rule 11 sanctions. The plaintiff was injured in an automobile accident. The plaintiff filed a lawsuit against the other driver for his damages arising out of the accident. Believing the other driver to be uninsured, the plaintiff served the complaint on his own automobile insurance carrier pursuant to the uninsured motorist statute. Subsequently, the plaintiff was informed that the other driver was not uninsured as originally believed. The plaintiff nevertheless proceeded with the litigation under his uninsured motorist theory. After the plaintiff's claim was dismissed, the insurance company sought Rule 11 sanctions. The trial court awarded the insurance company its attorney's fees, costs, and expenses incurred after the date the plaintiff was notified that the other driver was insured. The plaintiff now appeals, arguing that the trial court erred by granting the Rule 11 sanctions. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Curtis D. Johnson, Memphis, Tennessee, for Plaintiff/Appellant Gene Griffin.

Robert L. Moore and Dawn D. Carson, Memphis, Tennessee, for Defendant Troy Mendius and Defendant/Appellee State Farm Insurance Company.

**OPINION**

On October 14, 1999, Plaintiff/Appellant Gene Griffin ("Plaintiff") was injured in an automobile accident with Defendant Troy Mendius ("Mendius"). At the time of the accident, Plaintiff maintained an automobile insurance policy issued by Defendant/Appellee State Farm Insurance Company ("State Farm"), which included uninsured motorist coverage. Unbeknownst to Plaintiff at the time, State Farm also insured the other driver, Mendius.

At some point which is unclear in the record, Plaintiff apparently filed a lawsuit arising out of the accident against State Farm but not against Mendius. This was nonsuited on March 18, 2002. On March 12, 2003, Plaintiff filed a second personal injury lawsuit, this time against Mendius, in the Shelby County Circuit Court, seeking damages resulting from the October 1999 automobile accident. Apparently believing Mendius to be uninsured, Plaintiff caused a copy of the complaint to be served on his own uninsured motorist carrier, State Farm, pursuant to Tennessee's uninsured motorist statute, Tennessee Code Annotated section 56-7-1201, *et seq.*

State Farm filed an answer to the complaint on April 30, 2004. In the answer, State Farm acknowledged that, at the time of the accident, Plaintiff was insured by State Farm. Although Plaintiff's automobile insurance policy included uninsured motorist coverage, State Farm denied that uninsured motorist coverage was applicable to this case. State Farm denied any negligence on the part of Mendius in causing the accident and denied that Plaintiff suffered any damages as a result of the accident. As an affirmative defense, State Farm contended that Plaintiff failed to file suit against Mendius within the applicable statute of limitations and did not obtain service of process on Mendius prior to voluntarily dismissing the lawsuit against State Farm in March 2002.

After filing its answer, State Farm filed a motion to dismiss. The record does not contain a copy of this motion. However, on June 16, 2004, the trial court entered an order denying State Farm's motion to dismiss. In denying State Farm's motion, the trial court found that (1) a civil warrant was filed against Mendius in the earlier nonsuited litigation, and (2) since State Farm was served with process in the subsequent litigation, the matter would proceed and State Farm could defend the suit "in the name of the uninsured motorist or in its own name."

The trial for this matter was originally set for February 7, 2005, but was later continued until February 15, 2005. On February 7, State Farm filed a motion for Rule 11 sanctions against Plaintiff and Plaintiff's counsel, Memphis attorney Curtis Johnson ("Johnson"), seeking attorney's fees, costs, and expenses for "repeated acts of misconduct" in violation of Rule 11 of the Tennessee Rules of Civil Procedure. Among other grounds, State Farm asserted that Mendius was never served with either the original complaint against State Farm or the second complaint which named Mendius as a defendant. State Farm's motion stated that, at the time of the automobile accident, Mendius was insured by State Farm with liability coverage at least equal to Plaintiff's uninsured motorist limits. State Farm contended that neither Plaintiff nor attorney Johnson sought to determine the amount of liability coverage available to Mendius. State Farm maintained that its attorney had provided to attorney Johnson affidavits, from both Mendius and State Farm, confirming Mendius' insurance coverage with State Farm. Despite receiving this information, Plaintiff proceeded with the litigation against State Farm pursuant to the uninsured motorist statute.

After the February 15, 2005 trial, the trial court entered an order dismissing Plaintiff's suit. This dismissal is not at issue in this appeal.

On April 29, 2005, counsel for State Farm, Robert Moore ("Moore"), filed an affidavit reiterating the allegations in the motion for Rule 11 sanctions. Moore stated that, because attorney

Johnson on behalf of Plaintiff failed to take appropriate action, State Farm incurred attorney's fees, costs, and expenses totaling $6,650.50. Moore's affidavit specified that $3,514.00 in fees and expenses were incurred after Plaintiff and attorney Johnson were furnished affidavits certifying Mendius' automobile liability insurance coverage.

On May 13, 2005, the trial court entered an order granting State Farm's motion for Rule 11 sanctions. The order explained:

> Rule 11 sanctions are appropriate as a result of Plaintiff's counsel being provided proper notice that [Mendius] was insured in an amount over and above the uninsured motorist amounts available and that [Mendius] had not been served with process. Upon Plaintiff's counsel being notified of all of the above, he continued to advocate this cause of action to trial; it is therefore, ordered, adjudged and decreed that Rule 11 sanctions are appropriate and shall be granted upon submission of affidavit of attorney's fees and expenses by counsel for State Farm.

On May 27, 2005, the trial court entered an order approving attorney's fees in the amount of $3,514.00 pursuant to the order granting Rule 11 sanctions. This second order stated that attorney Johnson did not appear at the hearing set on the issue of attorney's fees, and that the amount of the award included attorney's fees, costs, and expenses incurred after attorney Johnson went ahead with the litigation under the uninsured motorist theory despite having been provided affidavits certifying Mendius' liability insurance coverage. Consequently, the trial court awarded a judgment in favor of State Farm for attorney's fees, costs and expenses against both Plaintiff and attorney Johnson.

One month later, on June 27, 2005, attorney Johnson filed a motion on behalf of the Plaintiff to alter or amend the judgment and to supplement the record, asserting three grounds for amending the May 13, 2005 and May 27, 2005 orders. Attorney Johnson argued first that the May 27, 2005 order erroneously imposed sanctions on him, because the previous order did not impose such a sanction. Second, the motion to alter or amend asserted that the record in the cause was incomplete, in that the trial court considered items at the hearing on Rule 11 sanctions which were not in the record. Finally, attorney Johnson argued on behalf of the Plaintiff that the trial court erred in granting sanctions against any party in the first place.

The trial court permitted attorney Johnson to file an affidavit to supplement the record. Attorney Johnson's affidavit explained his decision to proceed with the litigation as an uninsured motorist claim. Attorney Johnson acknowledged that, in December 2004, he received State Farm's affidavit stating that it insured Mendius. However, attorney Johnson explained, he was never provided with a copy of the policy, despite the fact that he requested it a day before the February trial. Attorney Johnson also asserted that his client, the Plaintiff, told him prior to trial that Mendius had informed Plaintiff that he was not insured. Attorney Johnson also asserted that the Tennessee Department of Safety had told Plaintiff that there was no proof of insurance on file for Mendius for this accident. Submitted along with Johnson's affidavit was a March 14, 2005 affidavit from the Keeper of Records for the Tennessee Department of Safety, stating, "[A]ccording to our records at

this time, an owner/operator report has not been filed on behalf of [Mendius] with respect to the accident of October 14, 1999 in Shelby County, Tennessee."

After considering this information, the trial court entered an order denying Plaintiff's motion to alter or amend. Plaintiff now appeals.[1]

On appeal, Plaintiff and attorney Johnson raise three issues for our review: (1) whether the trial court erred in granting State Farm's motion for Rule 11 sanctions; (2) whether State Farm's failure to mitigate rendered the award of sanctions inappropriate; and, (3) whether the trial court erred in assessing Rule 11 sanctions against attorney Johnson individually.

The standard of review for an award of sanctions under Rule 11 of the Tennessee Rules of Civil Procedure is high indeed. A trial court's award of Rule 11 sanctions is subject to appellate review under an abuse of discretion standard. ***Krug v. Krug***, 838 S.W.2d 197, 205 (Tenn. Ct. App. 1992). This deferential standard is attributable to the fact-intensive examination required for the trial court to determine whether a violation of Rule 11 has occurred. ***Id***. Essentially, under the abuse of discretion standard, this Court would overturn the trial court's award of sanctions only if its ruling had no basis in law or fact, and is therefore arbitrary, illogical, or unconscionable. ***Hooker v. Sundquist***, 107 S.W.3d 532, 535 (Tenn. Ct. App. 2002).

Rule 11 of the Tennessee Rules of Civil Procedure explains the import of an attorney's signature on a document presented to a trial court:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—
>
> * * *
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

---

[1] The notice of appeal indicates that it was filed on June 27, 2005. Notably, the copy of the notice of appeal in the record before this Court does not contain a stamp with the date of filing on it. Instead, the notice of appeal contains only a hand-written "Filed 6/27/05" in the top right corner of the document. The notation does not include the initials of the clerk's office employee who accepted the notice. Plaintiff did not file the appeal bond for costs until August 30, 2005. Plaintiff's appellate brief claims that the notice of appeal was filed on June 27, 2005. Although State Farm's appellate brief states that the appeal was filed on August 30, 2005, State Farm has not raised any question as to the timeliness of the appeal or the validity of the handwritten filing date on the notice of appeal. Although the handwritten notation on the notice of appeal is irregular, we have before us no other indication that the notation is not authentic. ***Cf. McPeak v. Specialty Surgical Instrumentation, Inc.***, Slip Copy, 2005 WL 1792205 (Tenn. Workers Comp. Panel July 29, 2005) (declaring, "Nothing in our jurisprudence requires the use of date stamping machines in the marking of documents, nor is the use of pen and ink prohibited.").

Tenn. R. Civ. P. 11.02(3). If the information in the filings proves to be inaccurate or misleading, Rule 11.03 gives the trial court the discretionary authority to issue sanctions against the attorney, once the trial court determines that sanctions are appropriate or necessary to punish or deter the infraction. The Tennessee Supreme Court has explained that the test to be applied in determining whether an attorney's conduct is sanctionable is one of objective reasonableness under all of the circumstances. *Andrews v. Bible*, 812 S.W.2d 284, 288 (Tenn. 1991). Under this test, the court focuses on the information available to attorney at the time of certification; the trial court measures the reasonableness of the conduct without the benefit of hindsight. *Id*. The sanctions available for a violation of Rule 11 are intended to deter abuse of the litigation process. Tenn. R. Civ. P. 11.03(2). Among the sanctions available to the trial court under Rule 11 is the payment to the movant "of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." Tenn. R. Civ. P. 11.03(2).

On appeal, Plaintiff and attorney Johnson assert that the trial court erred in awarding sanctions to State Farm. Plaintiff argues that there was an evidentiary basis for the factual contention that Mendius was uninsured. Plaintiff contends that Tennessee's financial responsibility law established a rebuttable presumption that Mendius was uninsured, and, consequently, Plaintiff's choice to proceed with the litigation under an uninsured motorist theory was objectively reasonable. *See* T.C.A. § 56-7-1201(g).

Under the circumstances of this case, however, any rebuttable presumption that Mendius was uninsured was clearly rebutted. Attorney Johnson's affidavit filed in support of Plaintiff's motion to alter or amend the judgment in this case admits that he received notice from State Farm in December 2004 that Mendius was insured. The trial of this matter occurred on February 15, 2005. Plaintiff and attorney Johnson had ample opportunity to cure the inaccurate pleadings, but chose instead to proceed with the trial under the legal theory that Mendius was uninsured. Based on the totality of the evidence before the trial court, we cannot conclude that the court erred in its implicit finding that Johnson's choice to proceed to trial was unreasonable and improper based on the information available to him well in advance of trial.

Next, Plaintiff argues that State Farm's failure to disclose to Plaintiff the fact that it also insured Mendius constituted a failure to mitigate its damages. Plaintiff asserts that this failure to mitigate should preclude State Farm from obtaining any award of sanctions. We disagree. Failure to mitigate damages is one of many factors for the trial court to consider in fashioning a reasonable sanction to deter inappropriate conduct. In *Thomas v. Capital Security Services, Incorporated*, the Fifth Circuit Court of Appeals discussed the relevance of the duty to mitigate in light of a motion for Rule 11 sanctions:

> The "reasonableness"' finding necessarily embraces an inquiry by the court as to the extent to which the nonviolating party's expenses and fees could have been avoided or were self-imposed. A party seeking Rule 11 costs and attorney's fees has a duty to mitigate those expenses, by correlating his response, in hours and funds expended, to the merit of the claims. If a litigant fails to do so, the district court may exercise

its discretion and either reduce the award accordingly, or in some instances, decline to award any expenses.

836 F.2d 866, 879 (5th Cir. 1988) (citations omitted). In a similar vein, the Tenth Circuit Court of Appeals, in *White v. General Motors Corporation, Incorporated*, 908 F.2d 675, 684 (10th Cir. 1990), explained that the trial court must independently analyze the reasonableness of the fees requested in a motion for sanctions. This analysis necessarily includes considering whether the injured party has mitigated their damages. *Id*. (declaring, "The injured party has a duty to mitigate costs by not overstaffing, overresearching or overdiscovering clearly meritless claims.").

In the instant case, Plaintiff and attorney Johnson are in a poor position to argue that the award of sanctions should be remedied because State Farm did not mitigate its damages. The trial court held a hearing to determine the amount of sanctions to award, and attorney Johnson failed to even show up at the hearing. At the conclusion of this hearing, the trial court determined that a reasonable award would include State Farm's attorney's fees, costs, and expenses incurred after Plaintiff and attorney Johnson received the affidavits certifying Mendius' insured status. We find no abuse of the trial court's discretion.

The third and final argument made by attorney Johnson, presumably on behalf of Plaintiff, is that the trial court erred by assessing sanctions against attorney Johnson individually. Plaintiff argues that because the May 13, 2005 order granting State Farm's motion for Rule 11 sanctions did not specify whether the sanction was against Plaintiff or attorney Johnson, or both, and the May 27, 2005 order subsequently assessed the sanctions against both Plaintiff and attorney Johnson, the subsequent order "imposed a new obligation individually without due process as to [attorney Johnson's] defenses in regard to sanctions."

Here, State Farm's February 7, 2005 motion for Rule 11 sanctions requested sanctions against both Plaintiff and attorney Johnson. The trial court's May 13, 2005 order granting State Farm's motion for sanctions clearly indicated that attorney Johnson was culpable for continuing to advocate a meritless cause to trial. Without question, attorney Johnson was on notice that his actions were the cause of the award of sanctions and that the amount would be determined at a later hearing. The later hearing was held and attorney Johnson did not attend.

Rule 11.03 of the Tennessee Rules of Civil Procedure provides that the trial court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision 11.02 or are responsible for the violation." Under all of these circumstances, the trial court was clearly within its authority to impose the award of sanctions against both Plaintiff and attorney Johnson. We find no error in the trial court's award of sanctions against attorney Johnson.

The decision of the trial court is affirmed.  The costs of this appeal are assessed against Attorney Curtis D. Johnson, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE